IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| HERBERT H. HOWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE NO.: |
| | ) |
| CENTRAL TRANSPORT COMPANY; | ) |
| CHEROKEE INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## NOTICE OF REMOVAL

COMES NOW, Cherokee Insurance Company (hereinafter "Defendant"), petitions for removal of the action herein from the Superior Court of Haralson County to the United States District Court for the Northern District of Georgia, Newnan Division, and respectfully shows the Court the following:

1.

On July 14, 2021, Herbert H. Howard (hereinafter "Plaintiff"), filed a civil action in the Superior Court of Haralson County, State of Georgia. That action is styled *Herbert H. Howard v. Central Transport Company; Cherokee Insurance Company*, Civil Action File No.21-CV-331-MHM. Attached hereto as Exhibit A are copies of the General Civil and Domestic Relations Case Filing Information

Form, Summons, Plaintiff's Complaint, and Defendant's Answer, which constitutes the entirety of the pleadings in this case to date. Defendant is also filing Defendant's Notice of Filing of the Notice of Removal with the Superior Court of Haralson County as required by 28 U.S.C. § 1446(d), a copy of which is attached hereto as Exhibit B.

2.

This lawsuit arose out of a motor vehicle accident which occurred on or about July 18, 2019 in Haralson County, Georgia. The subject incident involved Plaintiff Herbert H. Howard and Caleb Carter, who is not a named party in this pending State Court action. Carter was driving a tractor-trailer for Central Transport LLC n/k/a Legacy Resolution, LLC (hereinafter "Central Transport"), an entity that has been improperly identified in this lawsuit as "Central Transport Company" and that has not been served with process by Plaintiff. Defendant Cherokee was named in Plaintiff's Complaint as a Defendant pursuant to Georgia's Direct Action Statute, though Plaintiff cited to the incorrect Direct Action Statute. (Plaintiff's Complaint, ¶ 26).

3.

Plaintiff alleges that that Defendant Central Transport is liable for damages under the "doctrines of lease liability, agency, or apparent agency". (Plaintiff's

Complaint, ¶ 16.) Plaintiff further claims that Defendant Central Transport was independently negligent in hiring Carter, negligent in failing to properly train Carter, negligent in failing to properly supervise Carter, and negligent for entrusting Carter with driving a commercial vehicle. (Plaintiff's Complaint, ¶ 21.) Plaintiff claims that he is therefore entitled to damages from the named Defendants. (Plaintiff's Complaint, ¶ 24.)

4.

In his Complaint, Plaintiff contends that venue in the pending State Court action is proper pursuant to O.C.G.A. § 33-4-1. (Plaintiff's Complaint, ¶¶ 4 and 4.1.) Defendant recognizes that Haralson County is located within the jurisdiction of the Northern District of Georgia, Newnan Division. Therefore, pursuant to 28 U.S.C. § 1446(a), the Northern District of Georgia, Newnan Division is the correct Court for Defendant to file this Notice of Removal.

5.

Defendant Cherokee Insurance Company was served on July 20, 2021. As such, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). *See Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202 (11th Cir. 2008) (The removal statute "permit[s] each defendant, whether first or last served or

somewhere in between, thirty days within which to file a notice of removal upon receipt of service.").

6.

Defendant Cherokee Insurance Company is an insurance company having both its place of incorporation and principal place of business in the State of Michigan.

7.

In his Complaint, Plaintiff states and admits that he is a resident of the State of Mississippi. (Plaintiff's Complaint, ¶ 3.)

8.

Accordingly, there is complete diversity of citizenship between Plaintiff and the only properly served Defendant in this action, Cherokee Insurance Company. Thus, this action is one over which this Court has diversity jurisdiction in accordance with the foregoing authority and 28 U.S.C. § 1332.

9.

Additionally, Defendant Central Transport (n/k/a Legacy Resolution, LLC), a named but unserved Defendant to this action, also represented by undersigned counsel, is a foreign limited liability company, organized under the laws of the State of Indiana and with its principal place of business in the State of Michigan.

And, for purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004). Defendant Central Transport's members are not citizens of Georgia or Mississippi. Accordingly, even if Defendant Central Transport had been properly served with process in the State Court action, it being a party to this case would not destroy diversity jurisdiction under 28 U.S.C. § 1441(b)(2).

10.

Plaintiff does not specify the amount of damages that he seeks in his Complaint. However, Plaintiff claims that he has endured severe and permanent injuries and substantial damages as a result of the subject collision. (Plaintiff's Complaint, ¶ 6.) Specifically, Plaintiff claims that the accident caused, among other things, "internal injuries tp [sic] plaintiff's back and neck", permanent and partial disability, pain and suffering, medical bills, loss of income for approximately two years, and future lost earnings. (Plaintiff's Complaint, ¶¶ 6, 23, and 24.) And, though Plaintiff is alive, Plaintiff alleges in his Complaint that as a result of Defendant's negligence Plaintiff was "fatally injured." (Plaintiff's Complaint, ¶ 23.) On October 21, 2020, Plaintiff's former counsel issued a demand letter offering to settle Plaintiff's claims for $150,000.00. *See Maisonneuve v.*

*Quiktrip Corp.*, No. 1:15-CV-02603-ELR, 2015 WL 12645741, at *1 (N.D. Ga. Oct. 20, 2015) ("As a general matter, a settlement offer may constitute other paper from which it may first be ascertained that the case is one which is or has become removable."). Finally, in a telephone conversation with undersigned counsel Jennifer E. Parrott on or about July 28, 2021, the *pro se* Plaintiff indicated that he is now seeking to recover damages in the amount of $450,000.

11.

To determine whether the jurisdictional threshold of $75,000.00 is met, the Court must assume that Plaintiff will "prevail" on all claims, and then assess whether "an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000.00]." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994); *St. Paul Indemnity Co. v. Cab Co.*, 303 U.S. 283, 288 (1937).

12.

Accordingly, assuming Plaintiff will prevail on each of the claims set forth in his Complaint, which Defendant specifically denies, the matter in controversy has a value, exclusive of interest and costs, in excess of $75,000.00. In support of this conclusion, the undersigned counsel has included an Affidavit of Counsel in Support of Removal, attached hereto as Exhibit C.

13.

Therefore, this action is one over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, in that (a) Plaintiff and the properly joined Defendant are citizens of different states at the time of this removal, and (b) the matter in controversy has a value, exclusive of interest and costs, in excess of $75,000.00.

14.

By making this petition for removal, Defendant specifically states that the it is not waiving any available defenses to Plaintiff's claims. Additionally, Defendant specifically states that, by making this petition for removal, Defendant is not admitting to any of the allegations made in Plaintiff's Complaint.

15.

WHEREFORE, Defendant prays that this petition be filed, that said action be removed to and proceed in this Court, and that there be no further proceedings in said case in the Superior Court of Haralson County.

The undersigned has read this Notice of Removal, and to the best of her knowledge, information and belief, formed after reasonable inquiry, determined it is well-grounded in fact, is warranted by existing law, and is not interposed for any

improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Respectfully submitted, this 19th day of August, 2021.

                                        **DREW ECKL & FARNHAM, LLP**

                                        <u>*/s/ Jennifer E. Parrott*</u>

303 Peachtree Street, NE      Jennifer E. Parrott
Suite 3500      Georgia Bar No. 080180
Atlanta, Georgia 30308      Gary J. McGinty
Tel: (404) 885-1400      Georgia Bar No. 602353
Fax: (404) 876-0992
parrottj@deflaw.com      *Attorneys for Defendant*
mcgintyg@deflaw.com

11812063/1
05595-209360

## CERTIFICATE OF FONT COMPLIANCE

Counsel for Defendant hereby certifies that the forgoing has been prepared with one of the font and point selections approved by the Court in LR 5.1(B): Times New Roman (14 point).

This 19th day of August, 2021.

                                                   **DREW ECKL & FARNHAM, LLP**

                                                   */s/ Jennifer E. Parrott*

| | |
|---|---|
| 303 Peachtree Street, NE | Jennifer E. Parrott |
| Suite 3500 | Georgia Bar No. 080180 |
| Atlanta, Georgia 30308 | Gary J. McGinty |
| Tel: (404) 885-1400 | Georgia Bar No. 602353 |
| Fax: (404) 876-0992 | |
| parrottj@deflaw.com | *Attorneys for Defendant* |
| mcgintyg@deflaw.com | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| HERBERT H. HOWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE NO.: |
| | ) |
| CENTRAL TRANSPORT COMPANY; | ) |
| CHEROKEE INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am counsel for the Defendant and that I have this day filed the foregoing *Notice of Removal* with the Clerk of Court, using the CM/ECF system, and served a copy of the foregoing upon Plaintiff via U.S. Mail, adequate postage prepaid, addressed as follows:

Herbert H. Howard
405 Poplar Street
Grenada, MS  38901
hreal@att.net

This 19th day of August, 2021.

                                             **DREW ECKL & FARNHAM, LLP**

                                             */s/ Jennifer E. Parrott*

303 Peachtree Street, NE          Jennifer E. Parrott
Suite 3500                                 Georgia Bar No. 080180
Atlanta, Georgia 30308             Gary J. McGinty
Tel: (404) 885-1400                 Georgia Bar No. 602353
Fax: (404) 876-0992
parrottj@deflaw.com                 *Attorneys for Defendant*
mcgintyg@deflaw.com