IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| HERBERT H. HOWARD,<br><br>    Plaintiff,<br><br>v.<br><br>CENTRAL TRANSPORT COMPANY and CHEROKEE INSURANCE COMPANY,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 3:21-cv-141-TCB |

## **O R D E R**

This case comes before the Court on Plaintiff Herbert H. Howard's motion [30] to extend time allowed to complete discovery and Defendants Central Transport Company and Cherokee Insurance Company's renewed motion [33] to dismiss for Howard's failure to comply with court orders.

## I.   Background

This case concerns a collision between two tractor-trailers on July 18, 2019. Howard drove one; Central's employee, Caleb Carter, drove the other. Cherokee allegedly insures both Central and Carter.

On July 14, 2021, Howard filed suit in the Superior Court of Haralson County against Central and Cherokee alleging vicarious liability and negligent hiring, training, and supervision.[1] He seeks personal injury damages. Cherokee subsequently removed the case to this Court.

On September 23, Cherokee served Howard with interrogatories and requests to produce documents.

On November 8, the Court granted Howard additional time to complete initial disclosures and respond to Cherokee's discovery requests.

---

[1] Howard is a pro se litigant, although counsel represented him early in these proceedings.

On November 24, Howard provided initial disclosures. But he did not produce any of the requested documents, and he provided inadequate responses to Cherokee's interrogatories.

On February 7, 2022, Cherokee sent Howard a Rule 37 letter. The letter asked that he provide the requested documents and supplement his responses to the interrogatories.

On February 18, Howard reached out to Cherokee, stating that he needed an additional twelve days to respond due to unidentified medical issues.

On March 10, Cherokee alerted the Court that Howard had still not responded to Cherokee's discovery requests.

On March 14, the Court ordered Howard to respond to Cherokee by March 25. Otherwise, "dismissal of this case" might be necessary.

On March 26, Cherokee alerted the Court that Howard did not comply with the deadline. He provided unsworn supplemental responses to interrogatories, and he did not produce any of the requested documents.

On March 28, the Court granted leave for Cherokee to file a motion to dismiss based on Howard's repeated discovery failures.

On April 5, Howard purportedly provided Cherokee with the requested documents. But he did so by sending barebone, written responses without actually producing any of the requested documents.

On June 29, the Court denied Cherokee's motion to dismiss. Recognizing the severity of Howard's recalcitrance, the Court gave him "one final opportunity to provide the requested documentation" despite his "serial noncompliance." He received an *exact* list of ten items he needed to produce within fifteen days to avoid a "likely result in sanctions, including dismissal of this action."

On July 12, instead of complying with the Court's order, Howard filed a motion to extend the time allowed to produce the documents.

On July 21, Cherokee communicated to the Court[2] that Howard had not produced any documents since the Court's last order.

---

[2] This communication was via e-mail to the Court and Howard per this Court's standing order [4] regarding discovery disputes.

Cherokee's communication included research about whether Howard had previously provided any of the documents in the ten-item list provided in the June 29 order. Cherokee found that he had never provided any of the following:

1. Documentation of past and future travel expenses to and from medical appointments to support his $20,000 damages estimate

2. Documentation of the cost of present and future medication expense to support his $10,000 estimate

3. Documentation of anticipated burial and funeral expenses to support his $15,000 damages estimate

4. All medical records, notations, evaluations, hospital records, x-rays, test reports, lab reports, letters describing injury or treatment, office notes, radiology and neurological tests and reports, or other documents prepared by any physician or other practitioner of the healing arts or by any hospital, clinic, or other institution which has tested or evaluated him for injuries after the collision and/or in the ten years prior to the collision

Cherokee also found that Howard provided woefully inadequate responses to the following:

1. Documentation of past, present, and future lost wages and revenue caused by inability to work, including state and federal income tax returns (W-2, W-4, and 1099 forms) for the past five years, to support his $300,000 damages estimate

5

    2.    Documentation of future hospitalization expenses for treatment and/or surgery to support his $400,000 damages estimate

    3.    Documentation of the damage to his truck, including a copy of the registration and title for the vehicle, to support his $10,000 damages estimate

    4.    All bills of lading, fuel receipts, hotel receipts, toll receipts, driver's logs (whether on paper, ABORD, ELD, etc.), pre-trip and post-trip inspections, or violations of any kind for the date of the subject collision and the seven preceding days[3]

On July 26, Cherokee filed a response to Howard's motion to extend. Cherokee also filed a renewed motion to dismiss under Federal Rules of Civil Procedure 37(b)(2)(A) and 41(b).

## II. Legal Standard

### A. Rule 37(b)(2)(A)

Rule 37(b)(2)(A) allows a court to dismiss the action for a failure "to obey an order to provide or permit discovery." FED. R. CIV. P 37(b)(2)(A). Dismissal, however, is "not favored" and only necessary

---

[3] Cherokee explained how Howard's responses were inadequate. For example, Cherokee stated the following with respect to the fourth category of documents in this list: "Plaintiff provided some shipping paperwork regarding fuel loads for four days. However, to date Plaintiff has not provided driver's logs, fuel receipts, hotel receipts, toll receipts, pre-trip and post-trip inspections, or violations for the date of the subject collision and the preceding seven days."

6

"when a plaintiff's recalcitrance is due to willingness, bad faith or fault." *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976)); *see also Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 481 (11th Cir. 1982) (per curiam) ("When a party demonstrates a flagrant disregard for the court and the discovery process . . . dismissal is not an abuse of discretion." (citing *Emerick v. Fenick Indus., Inc.*, 539 F.2d 1379 (5th Cir. 1976))).

**B.     Rule 41(b)**

Rule 41(b) provides a similar standard, allowing dismissal "[i]if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order . . . ." FED. R. CIV. P. 41(b). Courts must ask "whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotation marks and citations omitted). Like the standard under Rule 37(b)(2)(A), "[d]ismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Id.* (citing *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (per curiam)).

### III. Analysis

Cherokee contends that the Court should dismiss Howard's suit because he did not comply with three court orders mandating that he provide discovery. Howard argues that because he filed a motion to extend, Cherokee's motion is frivolous and untimely.

Howard's argument has no merit. This Court's last order gave him two options: comply or face dismissal. Filing a motion to extend—after receiving three court mandates and numerous extensions—was not an option.[4]

Instead, facing Howard's recalcitrance for the fourth time, the Court will dismiss his suit with prejudice. Dismissal under Rule 37(b)(2)(A) and Rule 41(b) is a high bar. That is why the Court exercised caution, patience, and empathy towards him.

But Howard's repeated flouting of court orders is willful, and the Court cannot cure his recalcitrance with lesser sanctions. Cherokee served him with discovery requests almost a year ago. Yet after *three*

---

[4] Howard's related argument that Cherokee should receive sanctions for filing the renewed motion to dismiss is frivolous.

court orders, numerous extensions, and letters from opposing counsel, he has not complied.

Eleventh Circuit precedent makes clear that Howard's willful failure requires the dismissal of his case under Rule 37(b)(2)(A) and Rule 41(b).[5] *See, e.g.*, *Phipps*, 8 F.3d at 790–91 ("When the record clearly demonstrates that a plaintiff deliberately and defiantly refused to comply with several court orders on discovery . . . a district judge has the authority to deny that plaintiff further access to the court to pursue the case."); *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980) (stating that dismissal is necessary when clear "delay or contumacious conduct" exists (internal quotation marks and citations omitted)). *Cf. Goforth*, 766 F.2d at 1535 ("The court's power to dismiss is

---

[5] Dismissal is proper under *both* Rule 37(b)(2)(A) and Rule 41(b) because each relates to the willful violation of court orders. *See* FED. R. CIV P. 37(b)(2)(A) (allowing courts to "dismiss[] the action or proceeding in whole or in part" when a party "fails to obey an order to provide or permit discovery"); FED. R. CIV. P. 41(b) (allowing the court to dismiss an action with prejudice when "the plaintiff fails to prosecute or to comply with these rules or a court order"); LR 41.3(A)(2), NDGa (allowing the court to dismiss a case for a "fail[ure] or refus[al] to obey a lawful order of the Court"); *see also Lyle v. BASF Chemistry, Inc.*, 802 F. App'x 479, 482 (11th Cir. 2020) (per curiam) (affirming dismissal of a case under similar circumstances "whether [the district court] dismissed it under Rule 41(b) or Rule 37(b)(2)(A)" because "the distinction doesn't matter here.")

an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." (first citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); and then citing *Jones*, 709 F.2d at 1458)); *Aztec Steel Co.*, 691 F.2d at 482 (explaining how dismissing suits such as Howard's avoids "unfair prejudice" to defendants like Cherokee and upholds "the integrity of the discovery process").

Indeed, the Eleventh Circuit has affirmed the dismissal of suits brought by plaintiffs similar to Howard. In *Haji v. NCR Corp.*, 834 F. App'x 562, 564 (11th Cir. 2020) (per curiam), for example, the court affirmed the dismissal of a pro se plaintiff's case under Rule 37(b)(2)(A) and Rule 41(b) because the plaintiff "failed multiple times to substantively respond to court-ordered discovery." *See id.* (relying on the district court's repeated warnings to the plaintiff); *see also Lyle*, 802 F. App'x at 482 (affirming dismissal under Rule 37(b)(2)(A) and Rule 41(b) when "[t]he district court had amended its discovery deadlines three times to give [the plaintiff] more time to respond, and each time, she failed to submit complete and adequate responses to the defendants' discovery requests."). *Cf. Gratton v. Great Am. Commc'ns,* 178 F.3d

1373, 1374–75 (11th Cir. 1999) (per curiam) (approving dismissal of plaintiff's complaint due to flouting of court-ordered production among other reasons such as spoliation of evidence).

## IV. Conclusion

Therefore, the Court denies Howard's motion [30] to extend discovery and grants Cherokee's motion [33] to dismiss. Accordingly, this case is dismissed with prejudice. The Clerk is directed to close this case.

IT IS SO ORDERED this 2nd day of September, 2022.

_____
Timothy C. Batten, Sr.
Chief United States District Judge